1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NAT'L MORTGAGE ASS'N, | No. 2:13-cv-1154 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| DORIS JAIME, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff Federal National Mortgage Association commenced an unlawful detainer action in Yolo County Superior Court on May 16, 2012. Notice of Removal ("NOR"), Attach. (ECF No. 1 at 13-14). Defendants Cesar and Amanda Franco removed this action on June 10, 2013 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted. A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the

1

1  defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980
2  F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as
3  to the right of removal in the first instance." Id.  Removal is proper only if the court could have
4  exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc.
5  v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction
6  is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
7  only when a federal question is presented on the face of the plaintiff's properly pleaded
8  complaint." Id.

9      With the Notice of Removal, defendant provides a copy of the complaint filed in Yolo
10  County Superior Court.  The complaint contains a single claim for unlawful detainer.  In
11  defendants' removal notice, it is asserted that the court has jurisdiction pursuant to the Protecting
12  Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220.  The PFTA provides protections
13  to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day
14  notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, 2010 WL 4809661,
15  at *1 (S.D. Cal. Nov.19, 2010) (unpublished).  Plaintiff's complaint for unlawful detainer does
16  not state claims under any federal law.  Rather, defendants appear to assert the PFTA is at issue
17  by virtue of defendants' defense to the action.[1]

18      Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
19  party claim raising a federal question, whether filed in state or federal court. See Vaden v.
20  Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th
21  Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);
22  Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l
23  Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint
24  indicates that the only cause of action is one for unlawful detainer, which arises under state law
25  and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction

---

[1]  Additionally, federal district courts have concluded that the PFTA does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

under 28 U.S.C. § 1331 does not exist.

For the reasons set forth above, IT IS HEREBY ORDERED that defendants' motion to proceed in forma pauperis is denied; and

IT IS HEREBY RECOMMENDED that this case be remanded to Yolo County Superior Court for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendants may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: June 18, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRAGE JUDGE

/mb;fede1154.remand

3